UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT LANDON MITCHELL         ]
     Petitioner,                ]
                                ]
v.                              ]     No. 3:10-0258
                                ]     Judge Campbell
CHERRY LINDAMOOD, WARDEN        ]
     Respondent.                ]

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the South Central Correctional Center in Clifton, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Cherry Lindamood, Warden of the facility, seeking a writ of habeas corpus.

**A. Background**

On March 2, 2005, a jury in Davidson County found the petitioner guilty of especially aggravated kidnapping, two counts of aggravated kidnapping, and assault. Docket Entry No. 20-8 at pg.87. For these crimes, he received an aggregate sentence of thirty seven (37) years in prison.[1] Docket Entry No.20-1 at pgs. 65-68.

On direct appeal, the Tennessee Court of Criminal Appeals

---

[1] For sentencing purposes, the two aggravated kidnapping convictions were merged into a single conviction. Docket Entry No.20-1 at pg.66.

1

affirmed the convictions. Docket Entry No.20-11 at pgs. 15-33. The Tennessee Supreme Court later denied petitioner's application for further review. *Id.* at pg.34.

In November, 2007, the petitioner filed a *pro se* petition for state post-conviction relief. *Id.* at pgs.35-41. Following the appointment of counsel, an amendment of the petition, and an evidentiary hearing, the trial court denied the petition. *Id.* at pgs.94-100. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.20-22. Once again, the Tennessee Supreme Court denied the petitioner's request for additional review. Docket Entry No.20-24.

### B. Procedural History

On March 18, 2010, the petitioner initiated this action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No.1). In the petition, the petitioner asserts five claims for relief. More specifically, he alleges that

1) the evidence was insufficient to support a conviction for especially aggravated kidnapping;

2) trial counsel was ineffective for[2]
   a) failing to challenge a fatally defective indictment;
   b) failing to object to an incomplete jury instruction defining "unlawful";

---

[2] At trial, the petitioner was represented by Katie Weiss and Graham Prichard, Assistant Public Defenders in Davidson County.

2

3)  appellate counsel was ineffective when he "failed to perfect a legally sufficient and effective appeal"[3]; and

4)  the trial court erred when it failed to instruct the jury as to the complete statutory definition of "unlawful".

Upon receipt of the petition, the Court examined it and concluded that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.7) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court is respondent's Answer to the petition (Docket Entry No.21), to which the petitioner has filed a Reply (Docket Entry No.26). Upon consideration of these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### C. Analysis of the Claims

**I.) Unexhausted Claim**

A federal district court will not entertain a petition for

---

[3] On direct appeal, the petitioner was represented by Jay Norman, a member of the Nashville Bar.

3

writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[4]

The petitioner has alleged that the trial court erred when it failed to instruct the jury as to a complete statutory definition of "unlawful" (Claim No.4). This claim was neither offered to the state courts for consideration during the direct appeal, Docket Entry No.20-13 at pgs. 141-170, nor during the course of post-conviction proceedings. Docket Entry No.20-19. Unfortunately,

---

[4] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

4

review of the claim at this late date is no longer available in the state courts. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Thus, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to this claim. <u>Alley v. Bell</u>, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. <u>Wainwright v. Sykes</u>, 97 S.Ct. 2497, 2505 (1977); <u>Engle v. Isaac</u>, 102 S.Ct. 1558, 1573 (1982).

With respect to the alleged trial court error, the petitioner has offered no explanation as to why this claim was not presented to the state courts in a timely manner. Therefore, in the absence of a showing of cause and prejudice, the procedural default of this claim is unexcused and will not provide the petitioner with a basis for habeas corpus relief.

**II.) Exhausted Claims**

The petitioner's remaining claims, i.e., the sufficiency of

5

the evidence to support a conviction for especially aggravated kidnapping (Claim No.1) and the ineffectiveness of trial and appellate counsel (Claim Nos.2a, 2b and 3) were fully litigated in the state courts on either direct or post-conviction review and were found to be lacking in merit.

When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

6

Case 3:10-cv-00258   Document 27   Filed 09/17/10   Page 6 of 13 PageID #: 1985

**a) Sufficiency of the Evidence**

The petitioner alleges that the evidence was insufficient to support a conviction for the especially aggravated kidnapping of his stepdaughter (Claim No.1).

The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 99 S.Ct. 2781, 2787 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.* at 99 S.Ct. 2789.

In Tennessee, an especially aggravated kidnapping occurs when the victim, under thirteen years of age, is falsely imprisoned by the defendant. Tenn. Code Ann. § 39-13-305(a)(2). A person commits the act of false imprisonment when he knowingly removes or confines another unlawfully so as to interfere substantially with the other's liberty. Tenn. Code Ann. § 39-13-302(a). An unlawful removal or confinement takes place when it "is accomplished by force, threat or fraud .... ". Tenn. Code Ann. § 39-13-301(13).

At trial, the petitioner's stepdaughter (Brittany) testified that she was awakened when she heard a loud bang at the door and her mother (Faith) scream. Docket Entry No.20-3 at pg.10. The

7

petitioner and her mother entered the stepdaughter's bedroom. Her mother had "blood all over her hands and face." *Id.* at pg.18. The stepdaughter remembered that the petitioner had previously pointed a gun at her mother. *Id.* at pg.14. The petitioner appeared to be mad. *Id.* at pg.15. He warned his stepdaughter not to call the police or he would snap her neck. *Id.* at pg.12. The petitioner then pulled the telephone out of her bedroom wall. *Id.* at pg.31. The stepdaughter and her siblings were told to get dressed because they were going for a ride. *Id.* at pg.15. The stepdaughter didn't want to leave because she was fearful of being hurt. *Id.* at pg.18. The stepdaughter later heard the petitioner tell her mother that he had killed her parents. *Id.* at pg.21. She also heard him ask her uncle for a gun. *Id.* at pg.24. At the time of trial, the stepdaughter was ten (10) years old. *Id.* at pg.9.

The stepdaughter's mother testified that the petitioner had not lived with them for three months. *Id.* at pg.86. She screamed when he broke down the door and entered her home. *Id.* at pg.92. The victim recalled that the petitioner was angry, his eyes were glossed over and red, "and you could see veins popping out of his temples." *Id.* at pg.94. She described how the petitioner had physically abused her during the course of their marriage and that he had struck her in front of Brittany. *Id.* at pg.101. The mother confirmed that the petitioner had warned her daughter not to call the police and that he then pulled the telephone out of her bedroom

8

wall. *Id.* at pg.103.

From this evidence, any jury could have reasonably found that the petitioner was guilty of the especially aggravated kidnapping of his stepdaughter. For that reason, the petitioner's sufficiency of the evidence claim has no merit.

**b) Ineffective Assistance of Counsel**

The remaining claims allege that trial counsel (Claim Nos.2a and 2b) and appellate counsel (Claim No.3) were ineffective. The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

In the statute describing false imprisonment as it relates to especially aggravated kidnapping, Tenn. Code Ann. § 39-13-302(a), the term "unlawfully" is used. Unlawful, in the context of an

9

especially aggravated kidnapping, is a removal or confinement "that is accomplished by force, threat or fraud **or**, in the case of a person who is under the age of thirteen (13) or incompetent, accomplished without the consent of a parent, guardian or other person responsible for the general supervision of the minor's or incompetent's welfare." (Emphasis added) Tenn. Code Ann. § 39-13-301(13). The petitioner relies on the "without the consent" language of this statute to support his belief that, as a stepparent, he could not be charged with the especially aggravated kidnapping of his stepdaughter.

The petitioner first asserts that trial counsel were ineffective because they failed to file a second motion to dismiss the superseding indictment as to the especially aggravated kidnapping count (Claim No.2a).

The record shows that defense counsel filed a motion to dismiss the especially aggravated kidnapping count in the original indictment because it lacked the language defining unlawful. Docket Entry No.20-1 at pgs.13-16. While this motion was under advisement, the prosecution filed a superseding indictment that added the language "unlawfully remove or confine by use of force, threat or fraud" to the especially aggravated kidnapping count. *Id.* at pgs.28-32. Counsel testified at the post-conviction evidentiary hearing that the language included in the superseding indictment was sufficient to cure the defect in the original indictment

10

because it reflected an accurate statement of the law. For that reason, counsel chose not to file a second motion to dismiss the indictment. Docket Entry No.20-12 at pg.61.

The state trial court and the Tennessee Court of Criminal Appeals both held that it was not necessary to include the "without the consent" language when the prosecution is alleging a removal or confinement accomplished by force, threat or fraud. Docket Entry No.20-22 at pg.21. It has "repeatedly been held that a state court's interpretation of state law.... binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 126 S.Ct. 602, 604 (2005). Therefore, the state courts' finding that counsel was not deficient in this regard is binding upon the Court.[5]

The petitioner also claims that counsel were deficient for failing to object to an incomplete jury instruction defining "unlawful" absent the "without the consent" language (Claim No. 2b). As noted above, the prosecution was not required to prove that the petitioner's stepdaughter had been removed or confined without the consent of her parent or guardian. Rather, the prosecution needed only to prove that the removal or confinement had been accomplished by force, threat or fraud. The petitioner was not entitled to a more complete jury charge. Consequently, this claim has no merit.

---

[5] The petitioner has acknowledged that counsel at trial did make several motions on his behalf and objected to improper testimony. Docket Entry No.20-11 at pg.46.

11

Finally, the petitioner claims that appellate counsel was ineffective because he "failed to perfect a legally sufficient and effective appeal" (Claim No.3).

The failure of appellate counsel to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. McFarland v. Yukins, 356 F.3d 688, 699 (6th Cir.2004); *see also* Jones v. Barnes, 463 U.S. 745 (1983)(no constitutional duty to raise every non-frivolous issue requested by the petitioner). The petitioner has made no such showing. Therefore, the Court finds no merit in this claim.

## D. CONCLUSION

The petitioner has failed to show that the evidence was insufficient or that he was denied the effective assistance of counsel. Moreover, he has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254 (e)(1). Nor has the petitioner demonstrated in what way the legal rationale of the state courts run contrary to federal law. As a consequence, the petitioner has failed to state a claim upon which habeas corpus relief can be granted. In the absence of an actionable claim, the Court finds that the petition for writ of habeas corpus has no merit. Accordingly, the petition shall be dismissed. Rule 8(a), Rules - - - § 2254 Cases.

12

An appropriate order will be entered.

/s/ Todd Campbell
Todd Campbell
United States District Judge

13